Filed:  March 26, 2001

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-4**

---

WALTER MICKENS, JR.,

Petitioner - Appellant,

versus

JOHN B. TAYLOR, Warden, Sussex I State
Prison,

Respondent - Appellee.

---

O R D E R

---

We have considered Mickens' motion to stay the issuance of our mandate and to stay the sentence of execution of the state court, which motion was filed in our court March 16, 2001, and we have considered the response thereto filed by the Commonwealth March 19, 2001.

Voting to grant the stay were Judges Michael, Motz and King, and voting to deny the stay were Judges Wilkinson, Widener, Wilkins, Niemeyer, Luttig, Williams and Traxler.

It is accordingly ADJUDGED and ORDERED that the motion of Mickens to stay the issuance of our mandate and to stay the

sentence of execution by the state court shall be, and it hereby
is, denied.

/s/ H. E. Widener, Jr.
_____
United States Circuit Judge
For the Court


Judge Michael, joined by Judge Motz and Judge King, filed a
dissenting opinion, which follows:


MICHAEL, Circuit Judge, dissenting:

I respectfully dissent from the order of the en banc court
denying Walter Mickens's motion to stay the mandate and his
execution.  Mickens meets the standard for a stay of execution
under Barefoot v. Estelle, 463 U.S. 880, 895 (1983).

Mickens was tried and sentenced to death for murder with a
court-appointed lawyer who had been representing the murder
victim at the time of the offense.  Mickens did not know about
the conflict problem, so he could not object.  However, the state
judge who appointed the lawyer knew or should have known of the
apparent conflict, but failed in her duty to inquire.  See Cuyler
v. Sullivan, 446 U.S. 335, 347 (1980) (holding that a trial court
must "initiate an inquiry" when it "knows or reasonably should
know that a particular conflict exists").  Because the conflict
proved to be genuine, the plain language of Wood v. Georgia, 450
U.S. 261, 273-74 (1981), dictates that Mickens is entitled to a

new trial.  Indeed, in at least one other circuit Mickens would be granted habeas relief.  See Ciak v. United States, 59 F.3d 296, 302 (2d Cir. 1995).  For these reasons, Mickens should not be put to death before he has a fair opportunity to seek Supreme Court review.

Judge Motz and Judge King join this dissent.